UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUGUSTINE REYES,

    Plaintiff,

v.

CARLOS ARCE, et al.,

    Defendants.

Case No. 24-cv-06654 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, filed a *pro se* "pre[e]mptory writ of mandamoir [*sic*] prohibition pursuant to CCP §§ 1085, 1086, 1103, 1104 & 1095," and requesting an immediate stay.[1] Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. For the reasons discussed below, the instant action will be dismissed.

**DISCUSSION**

Plaintiff claims that Warden Carlos Arce is failing to follow "all statutes, regulations, laws, and [Department] Operations procedures governing the placement [and]

---

[1] The matter was reassigned to this Court on January 16, 2025. Dkt. Nos. 8, 9.

transferring classification of [Plaintiff] to the appropriate safe security with reasonable consideration [for] his special needs, yard case factors, enemies, STGs affiliations, and his threaten safety concerns regarding the STG attacks on his life." Dkt. No. 1 at 1.  Plaintiff seeks a "writ of mandate" directing Defendant to "stop classifying him to be housed with any STG inmates" and to transfer him to a "non-STG facility or yard." *Id.* at 3.  He also seeks damages for his suffering of emotional distress.  *Id.*  He asserts that he has "no plain speedy plan and adequate remedy in the ordinary course of law other than this writ petition." *Id.* at 4.

Plaintiff cites to the California Code of Civil Procedure ("CCP") §§ 1085, 1086, and 1095, which are the State's "writ of mandate" statutes, and to §§ 1103 and 1104, which are the State's "writ of prohibition" statutes.  Cal. Code Civ. P. §§ 1085, 1086, 1095, 1103, 1104.  These California statutes are unavailing in federal court.  Furthermore, even if the Court were to liberally construe this filing as one seeking a federal writ of mandamus under 28 U.S.C. § 1361, it would be futile.  Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).

Contrary to Plaintiff's assertion that he has no other adequate remedy available to him, he may be able to seek relief for conditions of confinement by filing a civil rights complaint under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For example, Plaintiff's claim regarding safety concerns may implicate his rights under the Eighth Amendment which requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[2] Accordingly, the Court will dismiss this action without prejudice to pursuing these claims in a new action under § 1983.

## CONCLUSION

For the foregoing reasons, this action is **DISMISSED** without prejudice to Plaintiff filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form. *See* 42 U.S.C. § 1997e(a). Accordingly, Plaintiff's request to stay this matter is DENIED as moot.

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Plaintiff with a copy of this order, along with an *In Forma Pauperis* Application.

---

[2] In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer,* 511 U.S. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

**IT IS SO ORDERED.**

Dated:  __January 23, 2025___

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\CR.24\06654Reyes_dism(cr).docx